UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MARTINEZ-CABALLARO,

           Petitioner,                      Case No. 1:07-cv-64

v.                                                   Honorable Gordon J. Quist

KENNETH T. McKEE,

           Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to the claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will stay these proceedings pending exhaustion of his claims in the state courts.

**Discussion**

    I.    <u>Factual allegations</u>

Petitioner is incarcerated in the Bellamy Creek Correctional Facility. He was convicted in the Eaton County Circuit Court of first-degree felony murder, first-degree home invasion and kidnapping. The trial court sentenced him to life imprisonment for the murder conviction, six years and three months for the home invasion conviction and twenty years for the kidnapping conviction. Petitioner filed an appeal of right in the Michigan Court of Appeals raising the following two claims:

    I.    DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL BY HIS ATTORNEY'S FAILURE TO OBJECT TO THE COURT'S FAILURE TO INSTRUCT THE JURY THAT LEGALLY ADEQUATE PROVOCATION NEGATES THE ELEMENT OF MALICE NECESSARY TO PROVE MURDER.

    II.    DEFENDANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL BY HIS ATTORNEY'S FAILURE TO OBJECT TO THE COURT'S CONFUSING INSTRUCTION ON THE INTENT NECESSARY TO PROVE FELONY MURDER ON AN AIDING AND ABETTING THEORY.

The Michigan Court of Appeals affirmed Petitioner's conviction on July 23, 2004. Petitioner did not appeal in the Michigan Supreme Court. Petitioner now raises the same two claims in his application for habeas corpus relief.

    II.    <u>Failure to exhaust available state-court remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner admits that he did not file an appeal in the Michigan Supreme Court. Because he did not raise his claims in the state's highest court, he fails to satisfy the exhaustion requirement. An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has an available remedy in the state court.

Typically, a petition containing unexhausted claims must be dismissed without prejudice. However, in *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held

that when the dismissal of a mixed[1] habeas petition could jeopardize the timeliness of a subsequent petition, the district court should stay the habeas proceedings until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[2]

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals affirmed Petitioner's conviction on February 4, 2006. As discussed above, Petitioner did not appeal in the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). However, such a petitioner is not entitled to also count the ninety-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See United States*

---

[1] A "mixed" habeas petition is a petition containing both exhausted and unexhausted claims.

[2] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

*v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002); *United States v. Clay*, 537 U.S. 522 (2003). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the fifty-six day period for seeking review in the Michigan Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. U.S.*, 166 F.3d 565, 577 (1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876 at *2 (6th Cir. Oct. 21, 2002) (citing *Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000)). Petitioner's conviction therefore became final on April 3, 2006, fifty-six days after the Michigan Court of Appeals issued its decision. Accordingly, the statute of limitations will expire on April 3, 2007.

In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *See Palmer* 276 F.3d at 781. The Supreme Court recently held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 277.

Both *Palmer* and *Rhines* were cases involving mixed petitions, whereas the instant petition has no exhausted claims to stay. However, the Supreme Court recognized in *Rhines* that "[d]istrict courts . . . ordinarily have authority to issues stays where such a stay would be a proper exercise of discretion." *Id.* at 276 (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936), and *Clinton v. Jones,* 520 U.S. 681, 706 (1997)). In another case decided this year, the Supreme Court stated that prisoners seeking state postconviction relief may file a "protective" habeas petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005). The Court concludes that a stay would be a proper exercise of discretion in this case. Petitioner's claims are not plainly meritless. Moreover, Petitioner claims that he was unaware of his ability to appeal in the Michigan Supreme Court because he is a sixty-one-year-old native of Mexico who is illiterate and does not speak English. Petitioner's allegations are sufficient to establish "good cause" for his failure to exhaust. Nor does it appear that Petitioner engaged in "intentionally dilatory litigation tactics." *See Rhines*, 544 U.S. at 277. Accordingly, the Court will stay the proceedings while Petitioner exhausts his claims in the state courts. The terms of the stay are set forth in the accompanying Order. Petitioner's failure to comply with the terms of the stay may result in the dismissal of his habeas petition.

An Order consistent with this Opinion will be entered.


Dated: February 14, 2007                                    /s/ Gordon J. Quist
                                                                                     GORDON J. QUIST
                                                               UNITED STATES DISTRICT JUDGE